**Xiang Nu PAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4605–AG NAC.**

United States Court of Appeals,
Second Circuit.

Oct. 28, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Karen Jaffe, New York, NY, for Petitioner.

Tami C. Parker, Assistant United States Attorney, Fort Worth, TX, for Respondent.

PRESENT: LEVAL, TRAUB, and HALL, Circuit Judges.

## SUMMARY ORDER

Xiang Nu Pan petitions for review of the BIA's decision denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

■ "The Attorney General may grant asylum to an alien who has applied for asylum … if the Attorney General determines that such alien is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A)." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is a person who is unable or unwilling to return to his native country because of "persecution or a well-founded fear of persecution on account of [*inter alia*] … political opinion." 8 U.S.C. § 1101(a)(42)(A). If an applicant establishes that he has suffered past persecution, "he shall be presumed to have a well-founded fear of future persecution on the basis of the same claim." *Chen v. INS*, 359 F.3d 121, 126–27 (2d Cir.2004). The presumption may be rebutted by a showing that the conditions in the appli-

cant's country have changed, such that the danger no longer exists. *Id.* at 127. With respect to future persecution, the alien must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The Attorney General must grant withholding of removal where it is more likely than not that a petitioner's life or freedom would be threatened based on his political opinion. *Id.*

A BIA decision upholding an Immigration Judge's ("IJ") denial of an application for asylum, will be upheld "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (internal quotation marks omitted). To reverse, the Court must conclude that no reasonable factfinder "would have been compelled to conclude to the contrary." *Id.* The BIA's finding that Pan was not credible is supported by substantial evidence, as there were material inconsistencies between Pan's asylum interview and his subsequent testimony before the IJ. These inconsistencies included Pan's admission that he lied to an asylum officer concerning being threatened with and escaping sterilization. Furthermore, during the same interview in 1996, while claiming that he had been threatened with sterilization, he made no mention of his wife's involuntary sterilization in 1992.

As these inconsistencies are borne out by the record and relate to an integral part of Pan's persecution claim, they constitute "specific, cogent" reasons that bear a "legitimate nexus" to the BIA's conclusion that Pan was not credible in his description of his wife's sterilization. *See Zhang*, 386 F.3d at 77–78 (holding that IJ's and BIA's finding of applicant's lack of

credibility was substantially supported by the inconsistencies regarding the date of spouse's alleged sterilization). Accordingly, Pan failed to carry his burden of showing that he had a "well-founded fear of future persecution." *See* 8 U.S.C. § 1101(a)(42)(A).

Under the CAT, an applicant must prove it is "more likely than not" he will be tortured if removed the proposed country. *See* 8 C.F.R. § 208.16(c)(2). The BIA did not err in finding that Pan's CAT claim failed in light of his return to China in 1996 without incident. Finally, Pan presents no support for his conclusory assertion that he was denied due process.

For the foregoing reasons, the petition for review is DENIED, the BIA's decision is AFFIRMED, and the pending motion for a stay of removal is DENIED.